# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

PATRICIA BLUMENBERG                                                                                    PLAINTIFF

V.                                                                                         NO. 4:17CV00001-JMV

COMMISSIONER OF SOCIAL SECURITY                                                         DEFENDANT

## AMENDED FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held February 20, 2018, the court finds the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record. First, the court found that July 2015 progress notes generated by the claimant's treater, Dr. Timothy Beacham, and which were submitted to the Appeals Council indeed relate to the period under consideration by the ALJ–despite the Appeals Council's finding to the contrary. Said records include Dr. Beacham's opinion that the claimant had reached maximum medical improvement and that fibromyalgia and other conditions would make it likely that she would be "unable to work in a traditional setting given frequent standing and rest periods, unsteady balance, and severe generalized pain." This opinion is supported by findings in Dr. Beacham's treatment notes which indicate consistent

complaints of severe pain and inefficacy of multiple medication regimens (including heavy narcotics) and other treatment. Because this opinion was not adequately considered, the case will be remanded.

Second, the court found the ALJ failed to consider what effect the side effects of the claimant's medications had on her ability to perform work activity during the relevant period. Indeed, Dr. Beacham's treatment notes indicate that as early as June 2014 the claimant's narcotic medications caused sleepiness and drowsiness. This error is not harmless in view of vocational expert ("VE") testimony that established that the claimant's being off-task–due to pain–up to twenty-five percent of the day (along with the other limitations the ALJ found) would leave no jobs in the national economy the claimant could perform.[1]

Finally, the ALJ failed to properly consider opinion evidence and fully and fairly develop the record with regard to the claimant's mental impairments. In his report of his consultative examination of the claimant, along with noting objective findings of inability to concentrate, Dr. Michael Whelan opined that the claimant "would have difficulty sustaining her attention and concentration in a work setting due to the effects of chronic pain."[2] The ALJ failed to definitively state the amount of weight, if any, she attributed to this opinion. On the other hand, the ALJ accorded "great weight" to a non-examining state agency physician's opinion that the claimant could "maintain attention and concentration adequately." In view of

---

[1] Dr. Beacham's July 2015 note suggests the claimant would require rest periods. On remand the ALJ will be required to seek specific information regarding the number and or/frequency of rest breaks the claimant needed.

[2] Dr. Whelan opined that the primary cause of the claimant's depressed mood was her chronic pain. Pursuant to an explanation in SSR 12-2p of how fibromyalgia is considered by the Agency at steps 4 and 5 of the sequential evaluation process, it is acknowledged that "[p]eople with FM may also have nonexertional physical or mental limitations because of their pain or other symptoms."

the multiplicity of evidence, including consistent subjective complaints of pain, objective evidence supporting the presence of pain, and complaints of side effects of pain medication, it was incumbent on the ALJ to determine and explain the amount of weight she attributed to Dr. Whelan's opinion and give reasons for rejecting it in any regard. Furthermore, the record of the administrative hearing indicates the ALJ was informed that additional mental health records of the claimant's treatment by a Dr. Jenkins existed;[3] and, the ALJ stated she would obtain said records. However, this was, apparently, not done, and the ALJ provided no explanation why the records were not obtained. Accordingly, the ALJ failed to execute her duty to develop the record with regard to the *pro se* claimant's mental condition.

On remand:

1. The ALJ must contact Dr. Beacham and obtain a medical source statement which includes an assessment of the claimant's ability to perform work activity, function-by-function, for the relevant period. The ALJ must also request an opinion regarding the claimant's need for rest breaks and/or to change positions during the course of a workday, along with an assessment of the amount of time the claimant would be off-task during the course of a workday due to pain and side effects of medication. Dr. Beachman must also provide an assessment of how many days, if any, during the course of a month the claimant would miss work due to her medical condition.

2. The ALJ must also recontact Dr. Whelan and request a comprehensive assessment of the claimant's ability to perform mental work activity, based upon his prior examination of the

---

[3]Dr. Beacham's October 30, 2014 treatment notes include a referral to Dr. Chester Jenkins, Psychiatry, for evaluation and treatment of depression with anxiety.

-3-

claimant. Said assessment must include, but not be limited to, an opinion regarding the length of time the claimant would be able to maintain attention and concentration.

3. The ALJ must either obtain medical records from Dr. Jenkins or provide a valid explanation as to why said medical records could not be obtained.

4. The ALJ must consider the foregoing additional evidence along with all of the medical evidence in the file including, but not limited to, evidence of side effects of medication and all of Dr. Beacham's records.

5. If necessary, the ALJ must enlist the assistance of a medical advisor to determine, based on all the medical evidence in the record, what effect the claimant's conditions had on her ability to perform work activity during the relevant period.

6. The ALJ must obtain supplemental vocational expert testimony if necessary.

7. The ALJ may conduct any additional proceedings that are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 22nd day of February, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE